# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JOYCE J. GRIEGO,**

    Plaintiff,

v.                                                                                               No. 17-cv-0292 SMV

**NANCY A. BERRYHILL,**
**Acting Commissioner of the Social Security,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 20] ("Motion"), filed on September 15, 2017. The Commissioner responded on November 14, 2017. [Doc. 22]. Plaintiff replied on November 30, 2017. [Doc. 23]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standard in evaluating the opinion of Dr. Knaus. Accordingly, the Motion will be granted. The Commissioner's final decision will be reversed and remanded for further proceedings in accordance with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council. Tr. 801–03.

2

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Id.*

## Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on August 7, 2012. Tr. 163. She alleged a disability-onset date of June 30, 2009. Tr. 11. Her claim was denied initially and on reconsideration. *Id.* ALJ Michelle K. Lindsay held a hearing on February 12, 2015, in Albuquerque, New Mexico. Tr. 11, 27–62. Plaintiff and her attorney appeared, and the ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Thomas A. Grenier. *Id.*

The ALJ issued her unfavorable decision on June 10, 2015. Tr. 21. She found that Plaintiff met the insured status requirements through September 30, 2014. Tr. 13. At step one she found that Plaintiff had not engaged in substantial gainful activity during the relevant time period, which was between her alleged onset date (June 30, 2009) and her date last insured (September 30, 2014). *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "degenerative disc disease of the cervical spine; tendinopathy of the supraspinatus and infraspinatus tendons, left shoulder; and chronic pain syndrome." *Id.* She found that Plaintiff's "alleged depression" was not severe. Tr. 14.

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. *Id.* Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 15–19. The ALJ found that, through her date last insured,

> Plaintiff had the [RFC] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except [she] can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; can frequently perform forward and lateral reaching with the non-dominant upper extremity; can occasionally reach overhead with the non-dominant

upper extremity; can occasionally climb ladders, ropes, and scaffolds; and can occasionally crawl.

Tr. 15.

At step four the ALJ found that Plaintiff was not able to return to her past relevant work. Tr. 19. Proceeding to step five, the ALJ considered Plaintiff's RFC, age, education, work experience, and the testimony of the VE. Tr. 19–21. She found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* Plaintiff requested review from the Appeals Council, but that request was denied on January 10, 2017. Tr. 1. Plaintiff timely filed the instant action on March 7, 2018. [Doc. 1].

## **Analysis**

Remand is warranted because the ALJ erred in failing to explain why she rejected Dr. Knaus's opinion. The Court declines to pass on Plaintiff's other alleged errors at this time.

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. § 404.1527(e)(2)(ii)). That is, when assessing a plaintiff's RFC, an ALJ must explain what weight he assigns to each opinion and why. *Id.* "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted)

5

(quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). ALJs are required to provide "appropriate *explanations* for accepting or rejecting such opinions." SSR 96-5p, 1996 WL 374183, at *5 (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing 20 C.F.R. § 404.1527(e)(2)(ii)). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7. The ALJ's reasons must be specific and legitimate. *Chapo*, 682 F.3d at 1291.

Plaintiff was injured at work in December of 2008. *See* Tr. 436–38. Evan Knaus, D.O., began treating her on January 8, 2009. *Id.* Dr. Knaus saw Plaintiff 12 times over a period of more than 20 months for her neck and left shoulder complaints. Tr. 401–02, 411–38. Over time, Dr. Knaus employed various diagnostic tools, and based on the results, he prescribed different treatments. Plaintiff was already in physical therapy ("PT") when she first saw Dr. Knaus. Based on his own findings, he added to her PT regimen. Tr. 438. He ordered an MRI of her cervical and lumbar spine. Tr. 434. Then, he ordered an EMG Nerve Conduction Study. Tr. 432. He prescribed oral medication as well as injections. Tr. 401–02, 411–38. He ordered an MRI of the left shoulder. Tr. 423. Eventually, he referred Plaintiff for a surgical consult with an orthopaedist. Tr. 414, *see* Tr. 416. During Plaintiff's treatment with Dr. Knaus, he either restricted Plaintiff to sedentary work or ordered her to be "off duty," depending on the status of her treatment at the particular time. Tr. 401–02, 411–38.

Plaintiff argues that it was reversible error for the ALJ to assess an RFC that conflicted with Dr. Knaus's opinions without explaining her reasoning. [Doc. 20] at 11. Defendant makes two arguments in response. First, she argues that the ALJ was not required to address Dr. Knaus's opinions because they were rendered prior to the relevant time period (June 30,

2009, to September 30, 2014). [Doc. 22] at 14. But, Dr. Knaus's latest four treatment notes were dated within the relevant time period.[2] Tr. 415–16 (July 7, 2009), Tr. 413–41 (July 24, 2009), Tr. 411–12 (August 14, 2009), Tr. 401–02 (September 4, 2009).

Second, Defendant argues that, even if the ALJ had been required to explain her reasons for rejecting Dr. Knaus's opinion, the lack of explanation would not be reversible error, because the explanation can be inferred. [Doc. 22] at 14. Defendant argues that because the ALJ rejected "nearly identical . . . opinions by Drs. Patton and Moede and Mr. Baca[, a]ny arguable oversight. . . does not change the outcome." *Id.* The Court is not persuaded.

Defendant's argument does hold water because she conflates the providers' opinions as to Plaintiff's *functional limitations* (i.e., that she cannot lift more than ten pounds or is limited to sedentary work) with the ALJ's *reasons* for rejecting the opinions. Simply because the providers all agreed that Plaintiff was limited to lifting ten pounds or to sedentary work, does not mean that the ALJ's reasons for rejecting one opinion can be imputed to the other opinions.

For example, the ALJ rejected the opinion of the physical therapist, Mr. Baca, because Plaintiff was "self-limiting" during the assessment, Mr. Baca found "a positive Waddell's sign[,]" and Plaintiff's "subjective reports were not consistent with objective findings." Tr. 19. These reasons cannot be imputed to Dr. Knaus's opinions because they are specific to Mr. Baca's report. Dr. Knaus never mentioned that Plaintiff was self-limiting. *See* Tr. 401–02, 411–38. Dr. Knaus did not note any positive Waddell's sign. *See id.* The objective findings in Mr. Baca's Functional Capacity Assessment, Tr. 704–11, are not the same objective findings as are contained in Dr. Knaus's notes, Tr. 401–02, 411–38. The same is true with respect to

---

[2] The Court must clarify its finding. The Court does not necessarily find that an ALJ in all situations may ignore a source opinion if it is rendered outside the relevant time period and for no other reason. It is simply a point of law the Court need not resolve today. Accordingly, the Court does not necessarily find that the opinions rendered by Dr. Knaus prior to the relevant time period, Tr. 417–38 (January 8 through June 11, 2009), are irrelevant.

Dr. Patton's and Dr. Moede's opinions; the reasons the ALJ rejected their opinions are specific to their opinions. The reasons cannot be imputed to Dr. Knaus's opinions.[3]

Furthermore, Defendant's cited authorities are not on point. First, Defendant cites *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), for the proposition that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." On this point, the Court agrees; Plaintiff, as the movant here, has the burden to show reversible error. However, *Sanders* does not relieve the ALJ of her duty to explain why she rejected Dr. Knaus's treating opinions simply because she gave explanations for rejecting other opinions.

Next, Defendant cites to *Lately v. Colvin*, 560 F. App'x 751, 754 (10th Cir. 2014), but that case is inapposite, too. In *Lately*, the court found no reversible error in an ALJ's failure to discuss an examining opinion that the plaintiff was *disabled* "because, like [the treating opinion, the examining opinion] addresses the issue of disability, which is reserved to the Commissioner[.]" *Id.* Unlike the circumstances in *Lately*, here, Dr. Knaus did not merely opine that Plaintiff was disabled. Rather, Dr. Knaus opined that Plaintiff was limited to sedentary work, or something less, while he attempted various diagnostic and treatment methods. The ALJ was required to explain why she rejected Dr. Knaus's opinions.

Finally, Defendant cites to *Best-Willie v. Colvin*, 514 F. App'x 728, 736 (10th Cir. 2013). In that case, however, the court found no reversible error in an ALJ's failure to discuss the testimony of the plaintiff's wife. *Id.* Of course, an ALJ is not required to discuss lay witness testimony. Here, Plaintiff does not complain that the ALJ ignored lay witness testimony. Rather, Plaintiff complains that the ALJ failed to explain why she rejected the opinions of her

---

[3] Additionally, Plaintiff challenges the ALJ's reasons for rejecting the opinions of Mr. Baca, Dr. Patton, and Dr. Moede. [Doc. 20] at 11. The Court declines to resolve those challenges at this time, but it is worth noting that Plaintiff does not concede that the ALJ applied the correct legal standards in weighing the opinions or that the ALJ's reasons for rejecting them are supported by substantial evidence. *Id.*

treating physician. *Best-Willie* does not relieve the ALJ of her duty to explain why she rejected Dr. Knaus's opinions.

## Conclusion

The ALJ erred in failing to explain why she rejected Dr. Knaus's opinion. Remand is warranted on that ground, and the Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 20] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**